The Honorable Jay Bradford State Senator P.O. Box 8367 Pine Bluff, AR 71611-8367
Dear Senator Bradford:
This is in response to your request for an opinion on the following questions:
 1. Do the provisions of Arkansas Code Annotated Sec. 26-27-308 require that the county equalization board secretary — who is also the clerk of the county — receive compensation for his/her services as secretary of the equalization board, even if this compensation exceeds the maximum salary for the county clerk already appropriated by the County Quorum Court? Further, if the county clerk is eligible for such compensation, can he/she be paid as secretary to the equalization board for services rendered to the board during regular business hours, when he/she is already being paid during business hours as clerk of the county?
 2. If the clerk of the county is entitled to additional compensation for his/her services as equalization board secretary, may this compensation be paid directly to that person serving as secretary?
 3. May a deputy county clerk serve in the place of the elected clerk in the position of secretary of the equalization board?
RESPONSE
It is my opinion in response to your first question that the county clerk's salary also compensates him/her for services performed as secretary of the equalization board ("board"). Because, in my opinion, the county clerk is not entitled to additional compensation, beyond his/her maximum appropriated salary, for services provided as secretary of the board, a response to your second question is unnecessary. It is my opinion that the answer to your third question is in all likelihood "no."
Question 1 — Do the provisions of Arkansas Code Annotated Sec. 26-27-308require that the county equalization board secretary — who is also clerkof the county — receive compensation for his/her services as secretary ofthe equalization board, even if this compensation exceeds the maximumsalary for the county clerk already appropriated by the County QuorumCourt? Further, if the county clerk is eligible for such compensation,can he/she be paid as secretary to the equalization board for servicesrendered to the board during regular business hours, when he/she isalready being paid during business hours as clerk of the county?
The county clerk serves as secretary of the equalization board because of his/her position as clerk of the county court. See A.C.A. § 16-20-401
(Repl. 1999) (providing that the county clerk "shall, by virtue of his office, be clerk of the county court . . . [;]") and A.C.A. § 26-27-307
(Repl. 1997) (requiring that "the clerk of the county court shall serve as secretary of the equalization board of his county. . . .") The question you have presented arises out of A.C.A. § 26-27-308 (Repl. 1997), which states as follows:
 (a) The members of the county equalization board and the secretary thereof of the counties of this state shall receive for their services an amount to be fixed by the quorum court of the county.
 (b) All compensation, together with expenses necessarily incurred by reason of official action of the board, shall be audited and paid by the county as other claims against the county are audited and paid.
While this provision would appear to authorize the county clerk's receipt of compensation for his/her services as secretary of the board, reference must also be made to A.C.A. § 14-14-1204, which governs the compensation of elected county officers. Subsection (f) of this Code section states in relevant part as follows:
 The annual salary of a county and probate clerk shall be in compensation for his or her services as county clerk, probate clerk, clerk of the county court, clerk of the quorum court, registrar of voters, and for all other services performed as provided by the Arkansas Constitution, by law, or by county ordinance.
A.C.A. 14-14-1204 (f)(1)(A) (Supp. 1999) (emphasis added).
This provision was originally enacted in 1977 as part of the enabling legislation to Amendment 55 to the Arkansas Constitution. See Acts 1977, No. 742, § 108. The county clerk has been clerk of the county court since 1873 (§ 16-20-401, supra, is the codification of Section 5 of Act 31 of 1873); and the provision requiring the clerk of the county court to serve as secretary of the equalization board dates to 1929 (see Act 172 of 1929, § 23, codified as § 26-27-307, supra). The legislature was thus presumably aware of the county clerk's service as board secretary when it enacted § 26-27-307, supra. This compensation provision must be read together with § 14-14-1204 (f), supra, which clearly reflects legislative intent to compensate the county clerk for all services through his or her salary.
It is therefore my opinion that the annual salary of the county clerk, as fixed by the quorum court within the established minimum and maximums according to § 14-14-1204 (f), encompasses those services as board secretary specified for the clerk of the county court in § 26-27-307.Accord Op. Att'y Gen. 77-237 (copy enclosed).
Question 2 — If the clerk of the county is entitled to additionalcompensation for his/her services as equalization board secretary, maythis compensation be paid directly to that person serving as secretary?
A response to this question is unnecessary in light of the above.
Question 3 — May a deputy county clerk serve in the place of the electedclerk in the position of secretary of the equalization board?
Although the answer to this question is not entirely clear, it is my opinion that a deputy clerk cannot serve in the place of the elected county clerk who, by virtue of his/her office, serves as secretary of the board.
Section 26-27-307 is clear in prescribing the clerk of the county court's service as secretary of the equalization board. As noted above, the county clerk is, by law, the clerk of the county court. A.C.A. §16-20-401. No provision is made for a deputy clerk to perform these services. Compare A.C.A. §§ 14-14-902 (a)(3) (prescribing the duties of the county clerk to be performed by "the clerk or the deputy clerk[;]") and 16-20-401 (b) (establishing the county clerk's duty to attend each session of the county court "either in person or by deputy.") Had the legislature intended to authorize a deputy clerk to serve in the place of the county clerk as secretary of the board, it presumably would have so stated. Cf. Op. Att'y Gen. 97-086 (concluding, based upon language subsequently added to A.C.A. § 14-14-902, that the legislature intended to allow the county clerk "or the deputy clerk" (emphasis original) to perform the prescribed duties).
In the absence of legislative clarification, therefore, I must conclude that the answer to this question is "no."
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
Enclosure